UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES | CIVIL ACTION NO. 08-00206 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| DANIEL OWENS | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss his attorney Pamela Smart made verbally by defendant at the hearing on his attorney's motion to withdraw, doc. #43, in which defendant states his desire to represent himself.

Defendant applied for court appointed counsel and the court appointed the Federal Public Defender to represent defendant. Defendant's first court appointed attorney was permitted to withdraw in March, doc. #31, and new counsel. Ms. Smart was appointed. Smart filed a motion to withdraw on July 21, 2009 .

At the hearing on Smart's motion, it became clear to the court that there exist irreconcilable differences between defendant and his attorney; the court found no fault on the part of the attorney, Ms. Smart. The defendant advised the court that he did not desire for Ms. Smart to continue representing himself and that he wished to represent himself.

At the hearing defendant was placed under oath and was reminded of his right to remain silent. He was then questioned by the court as to his mental capacity, prior mental health, age,

education and literacy and trial experience.

It was then explained to defendant that under the United States Constitution and federal law he has a right to represent himself, Faretta v. California, 95 S. Ct. 2525 (1975); 28 U. S. C. §1654. However, defendant's decision to waive counsel must be made knowingly, intelligently and voluntarily. With that in mind, I undertook to establish whether defendant would be allowed to waive counsel.

First, the defendant was advised again of the charges against him and of the maximum possible penalties. The court reiterated the information provided to defendant at his arraignment. U. S. v. Farhad, 190 F.3d 1097 (9th Cir. 1999).

Then the court explained to defendant the benefits a lawyer could provide, including, but not limited to, the lawyer's superior knowledge, education, training and experience, availability of investigatory aids and legal research and ability to make meaningful objections, cross-examine witnesses, present testimony and decide whether or not defendant should take the stand an testify at trial. Many other benefits of having a lawyer present were explained to the defendant, as reflected in the record of the proceeding.

In addition, it was explained to defendant that if he were allowed by this court to proceed pro se that he would be required to follow rules of procedure in the court and the rules of evidence

2

and that the court could not and would not assist him or guide him as to the law or procedure or give him legal advice. Finally, it was explained to him that the court can terminate his right to represent himself if he engages in abusive or obstructionist behavior. Defendant was also advised of his right to employ standby counsel and defendant advised that he desires standby counsel be appointed.

The court strongly recommended to defendant that he not represent himself. The defendant also volunteered that other prisoners had recommended to him that he not represent himself.

At the conclusion of the hearing, defendant advised the court that he understood the court's explanations, asked questions concerning the explanations of his rights with regard to waiver of counsel and reiterated his desire to represent himself despite the advice of the court. I then advised defendant that I would recommend to the district judge that he be allowed to represent himself.

Defendant requested standby counsel [See McKaskle v. Wiggins, 104 S.Ct. 944 (1984)] and Ms. Smart agreed to serve as standby counsel.

## Conclusion

IT IS RECOMMENDED that the defendant's motion to represent himself be GRANTED and that Ms. Smart be relieved of her duties as court appointed counsel for defendant with the proviso that she

continue as standby counsel.

IT IS FURTHER RECOMMENDED that the period of time during which this motion is pending be excluded for speedy trial purposes.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 10th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE